**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-03103-CMA-CBS

ERIC JOHNSON,

    Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, L.L.C., an Illinois limited liability company,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEYS' FEES AND COSTS**

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees (Doc. # 12), filed on January 10, 2013. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff filed a Complaint on November 28, 2012, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68 (Doc. # 8-1), which Plaintiff accepted and filed with the Court on December 21, 2012. (Doc. # 8.) On December 27, 2012, the Court entered judgment against Defendant in the amount of $1,001.00, plus Plaintiff's reasonable attorneys' fees, costs, and post-judgment interest. (Doc. # 9.)

Plaintiff filed the instant motion on January 10, 2013, requesting attorneys' fees in the amount of $3,000.00.[1] (Doc. # 12.) Defendant responded on February 6, 2013, and Plaintiff replied on February 21, 2013. (Doc. ## 15, 16.)

## II. **DISCUSSION**

It is undisputed that Plaintiff is entitled to recover reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3). Defendant disputes, however, both the number of hours expended and the hourly rate charged by Plaintiff's counsel.

The starting point for calculating reasonable attorney's fees is determining the "lodestar amount"— *i.e.*, a reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir.1996). The lodestar "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A reasonable hourly rate is "the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018. Counsel expends hours reasonably when he exercises the same "billing judgment" as would be appropriate in billing his own client. *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not

---

[1] Plaintiff's Motion also requests costs in the amount of $420.00. The parties have already stipulated to that amount (Doc. # 10-1), and those costs have already been taxed by the Clerk of the Court. (Doc. # 11.) Thus, this Order concerns only Plaintiff's request for attorneys' fees.

properly billed to one's adversary pursuant to statutory authority.") (quotation marks, citation, and emphasis deleted).  Counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Further, the party requesting fees has the burden of persuading the court that the hourly rate and the hours expended are both reasonable.  *Malloy*, 73 F.3d at 1018.

**A.    HOURLY RATE**

Plaintiff's attorney requests an hourly rate of $300.00.  (Doc. # 12 at 6.) Defendant argues, and the Court agrees, that a reasonable hourly rate for an attorney of comparable skill, experience, and reputation in the local community  is $250.00. Curiously, in requesting a rate of $300.00/hour, Plaintiff's attorney cites to eleven cases in the District of Colorado  where he was approved at a rate of only $250.00/hour.  (Doc. # 12 at 7-8.)  However, with no small measure of audacity, Plaintiff's attorney also asserts that this Court has previously awarded him a rate of $300.00/hour. (Doc. # 12 at 12) (citing *King v. Midland Credit Mgmt., Inc.*, 11-cv-02808 (Doc. # 15)).

In *King*, a magistrate judge recommended that Plaintiff's counsel be awarded attorneys' fees at $300.00/hour.  Plaintiff's counsel brazenly ignores the fact that this Court **overruled** that recommendation and found that "**$300/hour is an unreasonable hourly rate** and not in keeping with the prevailing market rate in the local community for lawyers of comparable skill, experience, and reputation." *King v. Midland Credit Mgmt., Inc.*, No. 11-cv-02808, 2012 WL 3990787, at *2 (D. Colo. Aug. 20, 2012) (unpublished) (emphasis added).  Further, the Court expressly found that $250/hour is an appropriate

rate in this district for lawyers of comparable skill and experience to Plaintiff's counsel. *Id.* Plaintiff's counsel's assertion that this Court previously awarded him $300/hour is blatantly misleading, and the Court must remind Plaintiff's counsel of his duty of candor to the tribunal. *See Lee v. State Farm Mut. Auto. Ins. Co.*, 249 F.R.D. 662, 689 (D. Colo. 2008). The Court will apply the $250/hour rate that it previously found to be reasonable.

**B.     REASONABLENESS OF HOURS EXPENDED**

Plaintiff's attorney claims that he expended 13 hours of work in this case, but has reduced his fee request by three hours. (Doc. # 12 at 6.) Defendant contends that the number of hours claimed by Plaintiff's attorney is excessive in light of how quickly this case was resolved and the rote nature of this lawsuit. Defendant argues that Plaintiff's attorney should be awarded a fee award that reflects between four and five hours of attorney time. (Doc. # 15 at 15.)

Upon review of Plaintiff's attorney's time entries (Doc. # 12 at 2-6), the Court finds that thirteen hours was an excessive amount of time to spend on this case. However, Plaintiff's attorney's has already voluntarily reduced his claimed hours from thirteen to ten. This Court has previously found that ten hours was a reasonable amount of time to expend in a nearly identical case. *See King*, 2012 WL 3590787, at *3. Upon review of Plaintiff's attorney's time entries (Doc. # 12 at 2-6) and supporting affidavits (Doc. ## 12-1, 12-2), the Court again finds that ten hours were reasonably expended. *See Fox v. Vice*, --- U.S. ---, 131 S.Ct. 2205, 2217 (2011) ( "[T]rial courts

need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation" (quotation marks and citation omitted)).

### III. <u>CONCLUSION</u>

For the reasons stated above, the lodestar amount is $2,500 (10 hour times $250/hour).  This amount is "presumptively reasonable."  See *Anchondo*, 616 F.3d at 1102.

Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. # 12) is GRANTED IN PART and DENIED IN PART.

It is FURTHER ORDERED that Plaintiff shall be awarded attorneys' fees in the amount of $2,500.00.

DATED: February __22__, 2013

                                      BY THE COURT:

                                      */s/ Christine M. Arguello*
                                      CHRISTINE M. ARGUELLO
                                      United States District Judge