IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-03103-CMA-CBS

ERIC JOHNSON,

　　Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, L.L.C., an Illinois limited liability company,

　　Defendant.

---

## ORDER DENYING PLAINTIFF'S
## SUPPLEMENTAL MOTION FOR ATTORNEY FEES

---

This matter is before the Court on Plaintiff Eric Johnson's Supplemental Motion for Attorney Fees. (Doc. # 18.) For the reasons discussed below, the motion is denied.

## I. BACKGROUND

Plaintiff filed a Complaint on November 28, 2012, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68, which Plaintiff accepted and filed with the Court on December 21, 2012. (Doc. # 8.) On December 27, 2012, the Court entered judgment against Defendant in the amount of $1,001.00, plus Plaintiff's reasonable attorneys' fees, costs, and post-judgment interest. (Doc. # 9.)

On January 10, 2013, Plaintiff filed a Motion for Attorney Fees, in which he asked for $3,000 in fees – at $300/hour for 10 hours – and, as relevant here, "any additional amounts as determined by the Court." (Doc. # 12 at 6.) Defendant responded on

February 6, 2013, and Plaintiff replied on February 21, 2013. (Doc. ## 15, 16.) On February 22, 2013, the Court awarded Plaintiff attorney fees but reduced the hourly rate to $250 per hour. (Doc. # 17.)

On March 8, 2013, Plaintiff filed the instant Supplemental Motion for Attorney Fees. (Doc. # 18.) Defendant filed a response on March 28, 2013, to which Plaintiff replied on April 10, 2013 (Doc. ## 20, 21). Plaintiff also filed two notices of supplemental authorities (Doc. ## 19 and 22), which included this Court's recent ruling in *King v. Midland Credit Management, Inc.*, 2013 WL 2236934 (D. Colo. May 21, 2013) and Judge Babcock's order in *Gash v. Client Servs., Inc.*, 2013 WL 1130717 (D. Colo. Mar. 18, 2013), upon which this Court in *King* relies. Both cases also involved Plaintiff's counsel. Following the reasoning of *King* and *Gash*, this Court denies Plaintiff's motion.

## II. DISCUSSION

Plaintiff seeks an additional $800 – 3.2 hours at $250/hour – for "work performed after January 10, 2013, in this case, the date the Plaintiff's Motion for Attorney's Fees was filed with the Court." (Doc. # 18 at 2.)

As a general matter, "[r]ecovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled." *Segura v. Midland Credit Mgmt.*, No. 12-cv-00830, 2013 WL 560702, at *4 (D. Colo. Feb. 14, 2013) (unpublished). The Tenth Circuit has explained that "[i]t is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (quotation marks and citation omitted).

However, unless subject to certain exceptions that are inapplicable here, a motion for attorney fees "must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).  Thus, as was the case in *King*, even though Plaintiff's initial motion was timely, he filed the instant motion well after the 14-day limit in Rule 54.  As such, the motion is untimely.  *See King*, 2013 WL 2236934, at *2; *see also Miracle Gash v. Client Servs., Inc.*, No. 12-cv-01426, 2013 WL 1130717, at *4-5 (D. Colo. Mar. 18, 2013) (unpublished).  As Judge Babcock explained in *Miracle Gash*, "while courts have allowed untimely supplemental motions seeking attorney fees in certain circumstances – such as when the local rules allow them or following the successful opposition of an appeal . . . the circumstances of this case do not lend toward allowing such motion."  *Id.* at *4.  Likewise, here, the circumstances of the case do not favor granting Plaintiff's request.  Also as in *King* and *Gash*, Plaintiff could have complied with Rule 54 in his January 10, 2013 motion by giving a "fair estimate" of the amount of fees he would expend in litigating the fees issue.  *See King*, 2013 WL 2236934, at *2; *Miracle Gash*, 2013 WL 1130717, at *4 ("If Plaintiff wished to seek fees for the time spent responding to the reply in her initial motion, Rule 54 provides such a mechanism by allowing a party to provide a 'fair estimate' for the amount of fees sought." (quoting Fed. R. Civ. P. 54(d)(2)(B)(iii))).  Plaintiff's motion requested "any additional amounts as determined by the Court" (Doc. # 12 at 6); however, as this Court has explained:

> [T]his language is insufficient as it specifies neither the impetus for, nor any calculation of, such "additional amounts."  Parties are clearly capable of foreseeing the need to defend fee motions, as evidenced by the language Plaintiff used in the instant motion. . . . They are also often

3

>capable of estimating the expense of doing so especially where, as here, their attorneys have handled an extremely high number of remarkably similar cases. Essentially, the "any additional amounts as determined by the Court" language is mere boilerplate, as even Plaintiff appears to acknowledge.

*King*, 2013 WL 2236934, at *2 (internal citations omitted).

Thus, while compensation for successfully litigating an attorney fees issue is generally appropriate and likely would have been here, the Court declines to grant attorney fees because Plaintiff did not include a fair estimate of fees in his initial motion, making the instant motion untimely. *See Miracle Gash*, 2013 WL 1130717, at *4 (plaintiff's request "would seem to have no end point as [plaintiff] could, in theory, continually ask for continued work in replying to her own motions, and then in filing new ones"); *King*, 2013 WL 2236934, at *3.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Supplemental Motion for Attorney Fees (Doc. # 18) is DENIED.

DATED:  September __23__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4